<u>NOT FOR PUBLICATION</u>                                    [Docket No. 7]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| EDWARD VOURAS,<br>        Plaintiff,<br><br>    v.<br><br>CITY OF ATLANTIC CITY,<br><br>        Defendant. | Civil Action No.<br>11-cv-6664 RMB/JS<br><br>**OPINION** |

Appearances:

Andrew M. Smith
Smith Marcino & Bowman
208 N. Easton Road
Willow Grove, PA 19090
    Attorneys for Plaintiff Edward Vouras

Patrick J. Wolfe
Zarwin, Baum, Devito, Kaplan, Schaer & Toddy, PC
Five Greentree Centre
Suite 303
Marlton, NJ 08053-3422
    Attorneys for Defendant City of Atlantic City

**BUMB**, UNITED STATES DISTRICT JUDGE:

Defendant City of Atlantic City (the "City" or "Defendant") has moved to dismiss Plaintiff Edward Vouras' ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, Defendant's motion is GRANTED, in part, and DENIED, in part.

I. Background[2]

On or about August 19, 2005, Plaintiff, a resident of the State of Delaware, purchased a home at 240 S. Vermont Avenue, Atlantic City, NJ 08401 (the "Property") with the intent of using the home for rental income. Compl. ¶ 18. At the time of the purchase, the home was in a state of disrepair. Comp. ¶ 8. Plaintiff subsequently began a series of improvements to enhance

---

1   Defendant argues that this Court should not consider Plaintiff's brief in opposition to Defendant's motion to dismiss because Plaintiff's brief was untimely filed.  While Plaintiff's brief was, in fact, untimely, this Court will exercise its discretion, in light of the lack of any prejudice to Defendant, to permit and consider the brief. United States v. Dawkins, 463 F. App'x 93, 95 n.1 (3d Cir. 2012)(considering untimely brief where there was no prejudice to opposing party); Weed-Schertzer v. Nudelman, Klemm & Golub, No. 10-6402, 2011 WL 4436553, at *1 n.1 (D.N.J. Sep. 23, 2011)("The Court has broad discretion with respect to timing and scheduling considerations, and it is within that discretion to permit an untimely opposition brief."). And, in any event, disregarding Plaintiff's brief would be an exercise of limited utility.  Regardless of whether Plaintiff had filed an opposition brief, this Court would still be obligated to consider the merits of Plaintiff's Complaint in determining whether to grant Defendant's motion. Hernandez v. Palakovich, 293 F. App'x 890, 895 (3d Cir. 2008)(rejecting notion that district court could dismiss case solely because of missing briefing deadline); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(holding that, on a motion to dismiss, the district court generally must address the merits of the complaint, even where the plaintiff has failed to respond to the motion to dismiss).

2   The allegations contained in Plaintiff's Complaint are accepted as true for purposes of the motion to dismiss.

the appearance and structural integrity of the house. Comp. ¶ 9. However, the Property suffered several incidents of vandalism, causing damage to the improvements. Comp. ¶ 10. In order to secure the property from "squatters and other vagrant occupation," Plaintiff boarded up the windows of the home. Id.

On November 5, 2010, the City's Division of Construction conducted an inspection of the property and issued a Construction Cite Inspection Report which found that: (1) some window openings were not boarded up; (2) there was no electricity in the building; (3) an extension cord was running on the exterior of the building; and (4) there appeared to be squatters on the ground floor of the building. Ex. E to Comp. On November 24, 2010, as a result of the inspection, the Division of Construction sent Plaintiff a Notice of Unsafe Structure, advising him that the home was deemed unsafe because it was "open to the weather causing compromise to the structural stability of the structure" and it was causing an "unsanitary and unfit condition." Id. The notice ordered Plaintiff to either vacate and demolish the structure or to submit plans to make the structure sound and in full compliance with the City Code. Id. The notice further advised Plaintiff that he could appeal the notice by writing to the Construction Board of Appeals within fifteen days of his receipt of the notice. Id.

On or about December 17, 2010, Plaintiff received a second notice, this time from the City's Department of Licensing & Inspections. Id. The notice stated that the property was unfit for human habitation and posed a danger to the health and safety of persons near the property. Id. Plaintiff was ordered to either: (1) repair the defects noted in an attached inspection report and provide a report from a licensed engineer certifying that the structure was safe and sound; or (2) demolish the home. Id. Plaintiff was further notified that if he did not comply with the options presented, the City would itself contract for the demolition of the structure and the cost would be assessed as a municipal lien against the property. Id. Plaintiff was advised that if he wished to appeal, a hearing would be held, at which time Plaintiff would be provided an opportunity to present testimony and other evidence. Id.

Plaintiff did not take any action to appeal the notices. On January 31, 2011, the Department of Licensing & Inspection sent Plaintiff another notice, ordering him to secure his property in accordance with the City's Code and to obtain a Certificate of Occupancy before April 26, 2011. Ex. F to Comp. If he failed to do so, the notice warned, the City would demolish the home. Id. On May 26, 2011, a hearing was held, at which Plaintiff was represented by another individual Id. Based upon the testimony given at the hearing, the City determined that the conditions of

4

the Property were unchanged and it decided to proceed with demolition of the home. Id. On June 14, 2011, Plaintiff received a memorandum notifying him of the findings of the hearing. Id. On or about October 25, 2011, Plaintiff received an Order to remove or demolish the home before November 11, 2011; otherwise the City would proceed with demolition on November 14, 2011. Ex. G to Comp. Plaintiff was further advised that if he desired injunctive relief to prevent the City from carrying out the demolition, he could seek such relief "in a Court of Competent Jurisdiction in New Jersey." Id.

On November 11, 2011, Plaintiff filed a complaint (the "Complaint") in this Court. On February 7, 2012, the City filed a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Docket # 3). The Complaint does not allege that the home has been demolished, and the City has indicated, and Plaintiff does not dispute, that the home is still standing. Def.'s Brief at 1.

II.  Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quotations and citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

## III. Analysis

The Complaint alleges two constitutional claims and three common law claims.  First, it alleges, pursuant to 42 U.S.C § 1983, that the City violated Plaintiff's right to procedural due process. (Count I). Second, it alleges, again pursuant to 42 U.S.C. § 1983, that the proposed demolition would constitute a wrongful seizure in violation of the Fourth Amendment. (Count II). Third, it alleges common law claims for negligence,

6

trespass, and conversion. (Counts III, IV, and V). The Complaint also requests injunctive relief to enjoin the City from demolishing the home until this matter is resolved, which this Court will interpret as a claim for an injunction under N.J. Stat. Ann. § 40:48-2.8, which provides property owners the ability to seek injunctive relief against demolition orders. The Court addresses each of Plaintiff's claims in turn.

    A. <u>Fourteenth Amendment Procedural Due Process</u>

Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Jones v. Flowers</u>, 547 U.S. 220, 226 (2006). Plaintiff alleges that the City violated his right to procedural due process by: (1) denying him "proper notice of Defendant's decision to demolish the property"; and (2) denying him an "opportunity to challenge Defendant's administrative decision to demolish the property." Comp. ¶ 21. These claims are belied by the record before this Court.

First, Plaintiff was repeatedly advised of the problems in the Property through multiple notices, which specifically describe the defects, and advised him of his right to appeal the notices, his right to be heard, and his right to seek injunctive relief. Second, Plaintiff was provided with an opportunity to

7

present his case at a hearing and did have a representative appear at a hearing on his behalf. Third, Plaintiff had the opportunity, and is presently affording himself of that opportunity, to seek injunctive relief. Under these circumstances, Plaintiff received appropriate notice and opportunity to be heard as required. See Manganaro v. Reap, 29 F. App'x 859, 860-61 (3d Cir. 2002)(finding no violation of procedural due process where a notice informed the plaintiff "of the problems with the property and the administrative procedures [available]"); see also Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 680–681 (3d Cir. 1991)(availability of judicial review of administrative decisions satisfies requirements of procedural due process), cert. denied, 503 U.S. 984 (1992). And, to the extent that Plaintiff failed to avail himself of any opportunity, the due process inquiry is based on the options available to Plaintiff, not whether he utilized them. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)("If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."). For these reasons, on the facts alleged, Plaintiff has failed to plausibly allege that his procedural due process rights were violated.  Therefore, that claim is DISMISSED.

    B. Fourth Amendment Unreasonable Seizure

In Count II of the Complaint, Plaintiff challenges the demolition as an unreasonable seizure, in violation of the Fourth Amendment.[3] Although the demolition has not yet taken place, the Complaint proffers that the City's "intended . . . demolition of Plaintiff's property constitutes an unreasonable seizure." Comp. ¶ 31.

A Fourth Amendment "seizure" of personal property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Brown v. Muhlenberg Twp., 269 F.3d 205, 209 (3d Cir. 2001)(quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). And demolition of a home, as proposed here, constitutes a seizure. See Heidorf v. Town of Northumberland, 985 F. Supp. 250, 257 (N.D.N.Y. 1997)("[T]here can be no question that the demolition of plaintiff's Church amounted to a seizure within the meaning of the Fourth Amendment."); Freeman v. City of Dallas, 242 F.3d 642, 647 (5th Cir. 2001)(holding that the demolition of apartment buildings

---

3   While the parties address the proposed demolition under both "substantive due process" and wrongful seizure under the Fourth Amendment, the Court will analyze the matter solely under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994)("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."); Betts v. New Castle Youth Development Center, 621 F.3d 249, 260 (3d Cir. 2010)(citing to the same rule); see also Para v. City of Scranton, No. 3:CV-06-2432, 2008 WL 2705538, at *11 (M.D. Pa. July 10, 2008)(finding that when a governmental entity demolishes a building, a "seizure" results and should be analyzed solely under the Fourth Amendment).

implicated the Fourth Amendment). Here, however, the home has not yet been demolished, and therefore no meaningful interference with Plaintiff's property has taken place. See Pitchford v. City of Earle, No. 3:06CV00140WRW, 2007 WL 3256851, at *3 (E.D. Ark. Nov. 2, 2007)("Because the building is still there . . . . [p]laintiff's § 1983 claim, based on a Fourth Amendment violation, fails."), aff'd, 320 F. App'x 477 (8th Cir. 2009). Accordingly, Plaintiff has failed to plausibly allege a Fourth Amendment violation and this claim is therefore DISMISSED.

  C. Plaintiff's State Tort Claims (Counts III, IV, and V)

  Counts III, IV, and V, assert claims of negligence, trespass, and conversion. Defendant argues that these claims are barred because Plaintiff was required, and failed, to file a notice of tort claim before bringing suit pursuant to the New Jersey Tort Claims Act. The New Jersey Tort Claims Act requires a plaintiff to file a notice of tort claim before asserting common law claims, like those asserted here, against a municipal entity, like Defendant. N.J. Stat. Ann. §§ 59:8-3, 59:8-8; Baklayan v. Ortiz, No. 11-3943, 2012 WL 1150842, at *8 (D.N.J. Apr. 5, 2012)(holding the Act's notice of claim requirements apply to all common law tort claims, including both negligence-based and intentional claims).

  Plaintiff does not dispute his failure to comply with the New Jersey Tort Claims Act. Because Defendant raised

Plaintiff's failure to comply with the New Jersey Tort Claims Act, and Plaintiff failed to produce evidence that he has complied with the Act's notice requirements, Plaintiff's common law claims must be dismissed. See Ingram v. Twp. of Deptford, 11-2710, 2012 WL 868934, at *13 (D.N.J. Mar. 13, 2012)("The Plaintiff's complaint does not allege that she filed notice in accordance with the statute . . . and [therefore] must be dismissed."); Dakka v. City of Hackensack, No. 09-4564, 2010 WL 1490647, at *5-6 (D.N.J. April 13, 2010)(dismissing tort claims on motion to dismiss where plaintiffs failed to file notice of tort claim); Muhammad v. N.J. Dep't of Corrections, No. 05-5001, 2007 WL 2318480, at *5 (D.N.J. Aug. 9, 2007)(concluding that, where plaintiff had failed to allege compliance with NJ Tort Claims Act in the complaint, and did not dispute failure in opposing motion to dismiss, dismissal for lack of compliance was warranted even on motion to dismiss); Lassoff v. New Jersey, 414 F. Supp. 2d 483, 490 (D.N.J. 2006)("[A]bsent any allegation of TCA notice compliance, . . . tort claims . . . will be dismissed).

    D. Plaintiff's Request For Injunctive Relief

    Plaintiff alleges that, contrary to the City's assertions, the home at issue is in compliance with the City's notices. Compl. ¶ 16 ("Despite the property's present condition and compliance with the City's . . . directive, Defendant . . . has

11

threatened demolition . . . ."). Accordingly, Plaintiff requests an injunction to enjoin the demolition of the home until the matter is decided on the merits. As discussed above, this Court has construed this request as a claim under N.J. Stat. Ann. § 40:48-2.8. That statute provides in pertinent part:

> Any person aggrieved by [a demolition order] issued by a public officer under this act may, within 30 days after the posting and service of such order, bring an action for injunctive relief to restrain the public officer from carrying out the provisions of the order and for any other appropriate relief.

N.J. Stat. Ann. § 40:48-2.8.  Plaintiff filed this Complaint on November 11, 2011, within thirty days of his receipt of the notice of demolition on October 25, 2011. Because Plaintiff timely filed this request, and has plausibly alleged that injunctive relief is warranted because his home is now in compliance, this claim will not be dismissed.

    E.    <u>Jurisdiction</u>

Because this Court has dismissed both of Plaintiff's federal claims and Plaintiff's Complaint was premised on federal question jurisdiction, this Court must assess whether it will retain jurisdiction to hear the case.  <u>See</u> <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations

of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

Given that this litigation is only its early stages, this Court would ordinarily decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and dismiss the case. See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 737 (3d Cir. 1994)(recognizing that courts ordinarily decline to exercise supplemental jurisdiction where, as here, the litigation is in its early stages and there would be no prejudice to either party or waste of judicial resources)(quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966))(holding that, in exercising its discretion whether to assume supplemental jurisdiction, the district court must weigh "considerations of judicial economy, convenience and fairness to [the] litigants.").

However, because Plaintiff appears to be a citizen of Delaware, and Defendant is a citizen of New Jersey, jurisdiction may be appropriate under diversity of citizenship jurisdiction, if Plaintiff can confirm that he is a citizen of Delaware, and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. In actions seeking injunctive relief, like here, the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); see also In re Fid. Bank Trust Fee

13

Litig., 839 F. Supp. 318, 321 (E.D. Pa. 1993)("[I]n an action for injunctive relief, the amount in controversy is measured by the value of the interest sought to be protected.")(internal quotations omitted), aff'd sub nom. Lewis v. Fid. Bank, 43 F.3d 1461 (3d Cir. 1994). Therefore, to avail himself of this Court's jurisdiction, Plaintiff must supply sufficient proof that the interest he seeks to protect with the injunction, i.e. the home's value, exceeds $75,000.00. See Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)("A party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction.").

Plaintiff shall file a supplemental submission, on or before August 31, 2012, setting forth whether this Court has diversity jurisdiction, or face dismissal for lack of subject matter jurisdiction.  Of course, if Plaintiff desires, he may notify this Court that he wishes to pursue this action in state court and an appropriate order will follow.

IV.  Conclusion

For all these reasons, the City's Motion to Dismiss is GRANTED, in part, and DENIED, in part.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: August 16, 2012